# EXHIBIT A

FILED
12-03-2020
CIRCUIT COURT
DANE COUNTY, WI
2020CV002121
Honorable Frank D.
Remington
Branch 8

**STATE OF WISCONSIN**      **CIRCUIT COURT**      **DANE COUNTY**

| | |
|---|---|
| DAVID TODD,<br>3825 Monona Drive, Apt. 6<br>Monona, WI 53714,<br><br>  and<br><br>SHARON CHRISTNOVICH<br>1204 E. Oakwood Rd.<br>Oak Creek, WI 53154,<br><br>          Plaintiffs,<br><br>    v.<br><br>RADIUS GLOBAL SOLUTIONS, LLC,<br>5440 North Cumberland, Suite 300<br>Chicago, IL 60656,<br><br>          Defendant. | **AMENDED SUMMONS**<br><br>Case No.:<br><br>Classification Code: 30301<br><br><br>**Jury Trial Demanded**<br><br>Amount claimed is greater than the amount under Wis. Stat. § 799.01(1)(d). |

THE STATE OF WISCONSIN, To each person named above as a Defendant:

You are hereby notified that the Plaintiff named above has filed a lawsuit or other legal action against you. The Complaint, which is attached, states the nature and basis of the legal action.

Within forty-five (45) days of receiving this Summons, you must respond with a written Answer, as that term is defined in Chapter 802 of the Wisconsin Statutes, to the Complaint. The Court may reject or disregard an Answer that does not follow the requirements of the Statutes. The Answer must be sent or delivered to the Court, whose address is: Dane County Courthouse, Room 1000, 215 S Hamilton St., Madison, WI 53703, and to Plaintiffs' attorney, whose address is Ademi LLP, 3620 East Layton Avenue, Cudahy, Wisconsin 53110. You may have an attorney help or represent you.

1

If you do not provide an answer within forty-five (45) days, the Court may grant

Judgment against you for the award of money or other legal action requested in the Complaint,

and you may lose your right to object to anything that is or may be incorrect in the Complaint.  A

Judgment may be enforced as provided by law.  A Judgment awarding money may become a lien

against any real estate you own now or in the future and may also be enforced by garnishment or

seizure of property.

Dated:   December 3, 2020                                ADEMI LLP

                                                                By:  _Electronically signed by John D. Blythin_
                                                                         John D. Blythin (State Bar No. 1046105)
                                                                         *Attorney for Plaintiff*

<u>Mailing address:</u>
3620 East Layton Avenue
Cudahy, Wisconsin 53110
Phone No.: 414-482-8000

| STATE OF WISCONSIN | CIRCUIT COURT | DANE COUNTY |
|---|---|---|
| | CIVIL DIVISION | |

DAVID TODD,
3825 Monona Drive, Apt. 6
Monona, WI 53714,

  and

SHARON CHRISTNOVICH
1204 E. Oakwood Rd.
Oak Creek, WI 53154,

                Plaintiffs,

        v.

RADIUS GLOBAL SOLUTIONS, LLC,
5440 North Cumberland, Suite 300
Chicago, IL 60656,

            Defendant.

:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:

**AMENDED COMPLAINT**

Case No.: 2020cv2121
Classification Code: 30301

**<u>Jury Trial Demanded</u>**

Hon. Frank D. Remington
Branch 8

---

COME NOW Plaintiffs David Todd and Sharon Christnovich, by Plaintiff's Attorneys, Ademi LLP, and for a cause of action, states as follows:

### <u>INTRODUCTION</u>

1.     This class action seeks redress for collection practices that violate the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* (the "FDCPA").

### <u>JURISDICTION AND VENUE</u>

2.     The court has jurisdiction to grant the relief sought by the Plaintiff pursuant to 15 U.S.C. § 1692k and 28 U.S.C. §§ 1331 and 1337.  Venue in this District is proper in that Defendant directed its collection efforts into the District.

### <u>PARTIES</u>

3.     Plaintiff David Todd is an individual who resides in Dane County.

4.      Plaintiff Sharon Christnovich is an individual who resides in Milwaukee County. Christnovich consents to venue in this Court for this action.

5.      Each Plaintiff is a "consumer" as defined in the FDCPA, 15 U.S.C. § 1692a(3), in that Defendant sought to collect from each Plaintiff a debt allegedly incurred for personal, family, or household purposes, namely a home internet services bill.

6.      Each Plaintiff is also a "customer" as defined in the WCA, Wis. Stat. § 421.301(17), in that the debt Defendant sought to collect arose from consumer transactions including agreements to defer payment. *See Tylke v. Advanced Pain Mgmt., S.C.*, Case No. 14cv5354 (Milwaukee Co. Cir. Ct., Dec. 11, 2014) ("Any time a merchant sends a bill for goods or services after a consumer transaction has taken place, there is an 'agreement to defer payment.'").

7.      Defendant Radius Global Solutions, LLC ("Radius") is a foreign business corporation with its principal place of business located at 5440 North Cumberland Suite 300, Chicago, Illinois 60656.

8.      Radius does substantial business in Wisconsin and maintains a registered agent for service of process at C T Corporation System, 301 S. Bedford St., Suite 1, Madison, Wisconsin 53703.

9.      Radius is engaged in the business of a collection agency, using the mails and telephone to collect consumer debts originally owed to others.

10.     Radius is engaged in the business of collecting debts owed to others and incurred for personal, family or household purposes.

11.     Radius is a debt collector as defined in 15 U.S.C. § 1692a.

## FACTS

### *Facts Relating to Plaintiff Todd*

2

12.     On or about November 19, 2019, Radius mailed a collection letter to Plaintiff regarding an alleged debt owed to "Summit Credit Union" ("Summit"). A copy of the letter is attached to this complaint as Exhibit A.

13.     Upon information and belief, the letter in Exhibit A is a form letter, generated by computer, and with the information specific to Plaintiff inserted by computer.

14.     Upon information and belief, the letter in Exhibit A is a form debt collection letter used by Radius to attempt to collect the alleged debt.

15.     The debt referenced in Exhibit A was allegedly a personal loan incurred to provide money for household goods and services. Thus, the debt was incurred for personal, family, or household purposes.

16.     Exhibit A contains the following text:

You are hereby notified that following the expiration of the validation period described above, a negative credit report reflecting on your credit record may be submitted to a credit reporting agency if you fail to fulfill the terms of your credit obligations. But we will not submit a negative credit report to a credit reporting agency about this credit obligation until the expiration of the time period described above.

17.     Upon information and belief, Summit regularly reports delinquent accounts to credit reporting agencies before sending the accounts to debt collectors such as Radius.

18.     Upon information and belief, Summit reported derogatory credit information regarding Plaintiff's Summit account to the credit reporting agencies before sending Plaintiff's account to Radius for collection.

19.     Thus, the statements in Exhibit A to the effect that Radius may report plaintiff's account to the credit bureaus is misleading to the unsophisticated consumer because it implies that Plaintiff may be able to avoid negative credit reporting by resolving the debt with Radius.

20.     Despite such representations, resolving the alleged debt with Radius would not allow the consumer to avoid a negative report. The account has already been, and will continue to

be, reported to credit bureaus as delinquent, notwithstanding whether Radius reports the account. Exhibit A.

21.     The purpose of Radius's credit reporting statement is to deceive the unsophisticated consumer into believing that she still has time to pay the account before having it reflect negatively on her credit history.  *See Johnson v. Enhanced Recovery Co., LLC*, 228 F. Supp. 3d 870, 876-77 (N.D. Ind. Jan. 17, 2017) (letter stating an account "may be reported to the national credit bureaus" could be interpreted by a substantial number of consumers to mean that the account had not yet been reported).

22.     A debtor that is indebted to several creditors may prioritize payments to creditors who have not yet reported their debts with the purpose of preventing these debts from being reported.  *See Johnson*, 228 F. Supp. 3d at 877-78 ("By offering (or appearing to offer) a consumer a way to keep one delinquency off her credit report, a debt collector might get itself bumped to the top of her list of payments to make.").

23.     Negative items, such as delinquent accounts, both lower a consumer's credit score and generally remain on the consumer's "credit report" for seven years.

24.     Falsely implying that an account will not be reported to a credit reporting agency as long as the debtor promptly pays is a tactic that preys upon the consumer's concern about his or her credit score. The consumer is likely to be deceived into paying, whether the debt is legitimate or not, to preserve his or her credit score.

25.     The false, confusing, and misleading statement about reporting the account to credit bureaus in Exhibits A is a material false statement.  *See Hahn v. Triumph P'ships LLC*, 557 F.3d 755, 757-58 (7th Cir. 2009).

26.     Plaintiff was confused and misled by Exhibit A.

4

27.     The unsophisticated consumer would be confused and misled by Exhibit A.

### *Facts relating to Plaintiff Christnovich*

28.     On or about December 4, 2019, Radius mailed a debt collection letter to Plaintiff regarding an alleged debt owed to "US BANK NATIONAL ASSOCIATION" ("US Bank"). A copy of this letter is attached to this complaint as Exhibit B.

29.     Upon information and belief, the alleged debt referenced in Exhibit B was incurred by use of a credit card, which was used only for personal, family, and household purposes.

30.     Upon information and belief, Exhibit B is a form letter, generated by computer, and with the information specific to Plaintiff inserted by computer.

31.     Upon information and belief, Exhibit B is a form debt collection letter used by Defendant to attempt to collect alleged debts.

32.     Exhibit B includes the following representation:

US BANK NATIONAL ASSOCIATION, the creditor of your account, has placed the above referenced account with Radius Global Solutions for collection.  We would like to offer you a resolution on your account for $1,703.58 in eleven payments of $141.96 and one payment of $142.02 starting on 12/25/19. Each payment must be received within 30 days of the previous payment. If you skip or are late on a payment, we reserve the right to cancel the arrangement.  If you need additional time to respond to this offer, please contact us. Please note, we are not obligated to renew this offer.  Once all twelve payments have been paid to our office on time, a letter will be sent confirming that the above referenced account has been resolved. Should you fail to complete the arrangement proposed under this option, this offer will be cancelled and any payments made will be applied to the balance shown above.

33.     Upon information and belief, the representation that settlement over twelve monthly payments (the "Settlement Offer") could be canceled at Defendant's discretion "if you [Christnovich] skip or are late on a payment," are false, deceptive, misleading, and confusing to the unsophisticated consumer.

34.     The unsophisticated consumer would understand the representation that the Settlement Offer is contingent on the first payment and subsequent payments being received by the stated deadlines to mean that the debt collector intended to avoid honoring the settlement anytime the consumer tendered a late payment.

5

35.     In actuality, the consumer who enters into the Settlement Offer in <u>Exhibit B</u> has the option to cure any late payment as a matter of law.

36.     The Settlement Offer is permitted by agreement to be made in more than four installments, and is thus a "consumer credit transaction" under Wisconsin law.  *See,* Wis. Stat. §§ 421.301(10), 421.301(30).

37.     Under Wisconsin law, the consumer has a "Right to Cure" any default arising from late payment under a consumer credit transaction before the debt collector or collection agency can accelerate the maturity of that transaction.  *See,* Wis. Stat. §§ 425.104, 425.105.

38.     The forbearance contemplated in <u>Exhibit B</u> is a "consumer credit transaction."

39.     The underlying debt is a standard credit card account.  It is a "loan" as defined by Wis. Stat. § 421.301(23).

40.     Defendant is a "lender" as defined by Wis. Stat. § 421.301(22) because it is a merchant that is regularly engaged in the business of making consumer loans or forbearing debts arising from consumer loans.  Wis. Stat. §§ 421.301(22) and 421.301(25).

41.     The forbearance contemplated in <u>Exhibit B</u> is forbearance of a debt arising from a loan.  Wis. Stat. § 421.301(23).

42.     The forbearance contemplated in <u>Exhibit B</u> is forbearance by "lender" of a debt arising from a loan because the creditor is agreeing to forbear the loan.  Wis. Stat. § 421.301(23).

43.     A consumer who entered into the forbearance contemplated in <u>Exhibit B</u> would have the right to cure any alleged default in complying with the payment plan contemplated by <u>Exhibit B</u> prior to re-acceleration of the debt.  Wis. Stat. §§ 425.103, 425.104.

44.     The terms of a forbearance agreement may provide that the consumer tender payments by a date certain but the failure to explain in <u>Exhibit B</u> that the consumer would have

6

the opportunity to cure any default under the payment plan and Defendant is "not obligated to renew" the offer is confusing and misleading to the unsophisticated consumer.

45.     Once Defendant enters into an arrangement like the Settlement Offer with a consumer, Defendant cannot and does not terminate the settlement arrangement simply because payment is received a day or two late.  Indeed, the consumer is not even in "default" under Wisconsin law for forty days after the scheduled due date for the first payment.  Wis. Stat. § 425.103(2)(a).

46.     Upon information and belief, Defendant does not terminate settlement arrangements like the one contemplated in Exhibit B until after the giving the consumer an opportunity to cure the consumer's default.

47.     Plaintiff was confused and misled by Exhibit B.

48.     The unsophisticated consumer would be confused and misled by Exhibit B.

### The FDCPA

49.     The FDCPA creates substantive rights for consumers; violations cause injury to consumers, and such injuries are concrete and particularized. *Derosia v. Credit Corp. Sols.*, No. 17-cv-1671, 2018 U.S. Dist. LEXIS 50016, at *12 (E.D. Wis. Mar. 27, 2018); *Pogorzelski v. Patenaude & Felix APC*, No. 16-C-1330, 2017 U.S. Dist. LEXIS 89678 *9 (E.D. Wis. June 12, 2017) ("A plaintiff who receives misinformation from a debt collector has suffered the type of injury the FDCPA was intended to protect against."); *Spuhler v. State Collection Servs.*, No. 16-CV-1149, 2017 U.S. Dist. LEXIS 177631 (E.D. Wis. Oct. 26, 2017) ("As in Pogorzelski, the Spuhlers' allegations that the debt collection letters sent by State Collection contained false representations of the character, amount, or legal status of a debt in violation of their rights under the FDCPA sufficiently pleads a concrete injury-in-fact for purposes of standing."); *Lorang v.*

7

*Ditech Fin. LLC*, 2017 U.S. Dist. LEXIS 169286, at *6 (W.D. Wis. Oct. 13, 2017) ("the weight of authority in this circuit is that a misrepresentation about a debt is a sufficient injury for standing because a primary purpose of the FDCPA is to protect consumers from receiving false and misleading information."); *Qualls v. T-H Prof'l & Med. Collections, Ltd.*, 2017 U.S. Dist. LEXIS 113037, at *8 (C.D. Ill. July 20, 2017) ("Courts in this Circuit, both before and after Spokeo, have rejected similar challenges to standing in FDCPA cases.") (citing *Hayes v. Convergent Healthcare Recoveries, Inc., 2016 U.S. Dist. LEXIS 139743 (C.D. Ill. 2016)); Long v. Fenton & McGarvey Law Firm P.S.C.*, 223 F. Supp. 3d 773, 777 (S.D. Ind. Dec. 9, 2016) ("While courts have found that violations of other statutes … do not create concrete injuries in fact, violations of the FDCPA are distinguishable from these other statutes and have been repeatedly found to establish concrete injuries."); *Quinn v. Specialized Loan Servicing, LLC*, No. 16 C 2021, 2016 U.S. Dist. LEXIS 107299 *8-13 (N.D. Ill. Aug. 11, 2016) (rejecting challenge to Plaintiff's standing based upon alleged FDCPA statutory violation); *Lane v. Bayview Loan Servicing, LLC*, No. 15 C 10446, 2016 U.S. Dist. LEXIS 89258 *9-10 (N.D. Ill. July 11, 2016) ("When a federal statute is violated, and especially when Congress has created a cause of action for its violation, by definition Congress has created a legally protected interest that it deems important enough for a lawsuit."); *see also Mogg v. Jacobs*, No. 15-CV-1142-JPG-DGW, 2016 U.S. Dist. LEXIS 33229, 2016 WL 1029396, at *5 (S.D. Ill. Mar. 15, 2016) ("Congress does have the power to enact statutes creating legal rights, the invasion of which creates standing, even though no injury would exist without the statute," (quoting *Sterk v. Redbox Automated Retail, LLC*, 770 F.3d 618, 623 (7th Cir. 2014)). For this reason, and to encourage consumers to bring FDCPA actions, Congress authorized an award of statutory damages for violations. 15 U.S.C. § 1692k(a).

50.     Moreover, Congress has explicitly described the FDCPA as regulating "abusive practices" in debt collection. 15 U.S.C. §§ 1692(a) – 1692(e). Any person who receives a debt collection letter containing a violation of the FDCPA is a victim of abusive practices. *See* 15 U.S.C. §§ 1692(e) ("It is the purpose of this subchapter to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses").

51.     Plaintiffs who allege that debt collectors misrepresent material information in their dunning letters have standing, as such misrepresentations risk injury to interests expressly protected by Congress in the FDCPA. *See Degroot v. Client Servs.*, 2020 U.S. Dist. LEXIS 6677 (E.D. Wis. Jan. 15, 2020) ("[A]n informational injury can be concrete when the plaintiff is entitled to receive and review substantive information."); *Oloko v. Receivable Recovery Servs.*, 2019 U.S. Dist. LEXIS 140164 (N.D. Ill. Aug. 19, 2019); *Untershine v. Encore Receivable Mgmt.*, No. 18-CV-1484, 2019 U.S. Dist. LEXIS 134377 *8-9 (E.D. Wis. Aug. 9, 2019) ("Protecting consumers from misinformation is one of the 'concrete interest[s] that Congress sought to protect,' under the FDCPA. If a consumer is misinformed, rather than merely uninformed, the risk of harm is greater.") (internal citations omitted); *Richardson v. Diversified Consultants*, No. 17-cv-4047, 2019 U.S. Dist. LEXIS 118786 *10-11 (N.D. Ill. July 17, 2019) ("the receipt of a communication misrepresenting the character of the debt (here, the amount owed) is the kind of injury that Congress sought to prevent through the FDCPA. 'Such an injury falls squarely within the ambit of what Congress gave consumers in the FDCPA: 'a legally protected interest in certain information about debts,' with 'deprivation of information about one's debt (in a communication directed to the plaintiff consumer) a cognizable injury.'" (internal citations omitted); *see also*

*Pierre v. Midland Credit Mgmt., Inc.*, 2017 WL 1427070, at *4 (N.D. Ill. Apr. 21, 2017); *Saenz v. Buckeye Check Cashing of Illinois*, 2016 WL 5080747, at *1-2 (N.D. Ill. Sept. 20, 2016); *Bernal v. NRA Grp., LLC*, 318 F.R.D. 64, 72 (N.D. Ill. 2016) (holding that Plaintiff had standing to challenge misleading communication sent to him because the communication violated his "right to be free from such misleading communications"). Such misrepresentations may cause consumers to make incorrect decisions about their finances or make payments to incorrect parties.

52.     The FDCPA prohibits "any false, deceptive, or misleading representation or means in connection with the collection of any debt". 15 U.S.C. § 1692e.

53.     15 U.S.C. § 1692e(10) specifically prohibits the "use of any false representation or deceptive means to collect or attempt to collect any debt."

54.     15 U.S.C. § 1692f generally prohibits debt collectors from using "unfair or unconscionable means to collect or attempt to collect any debt."

55.     15 U.S.C. § 1692g requires that debt collectors make certain disclosures, including disclosing that consumers have 30 days to "dispute" debts, which requires the debt collector to obtain verification of the debt, including, if applicable, a copy of a judgment against the debtor. 15 U.S.C. § 1692g(a)(4).

56.     Under federal law, if an alleged debtor disputes a debt within 30 days of receiving the validation notice, the debtor is required to cease debt collection efforts until it has provided verification of the debt or a copy of the judgment against the debtor.  15 U.S.C. § 1692g(b).

57.     The debt collector need not verify the debt, however, as long as it ceases its debt collection efforts.  *Jang v. A.M. Miller & Assocs.*, 122 F.3d 480 (7th Cir. 1997) (collection agency has the option to cease all collection activity or provide verification of the debt).

58.     Under the plain language of 15 U.S.C. § 1692g, a debt collector is not required to verify a debt unless the debtor disputes the debt within 30 days of receipt of the validation notice.

59.     Whether or not the debtor requests verification of the debt, however, a debt collector's collection activities and communications during the 30-day period may not overshadow or be inconsistent with the disclosure of the consumer's right to dispute the debt or request the name and address of the original creditor.  15 U.S.C. § 1692g(b).

## COUNT I – FDCPA

60.     Plaintiffs incorporate by reference as if fully set forth herein the allegations contained in the preceding paragraphs of this Complaint.

61.     Count I is brought on behalf of Plaintiff Todd.

62.     Exhibit A includes a false, deceptive, and misleading representation that confuse and mislead the unsophisticated consumer to believe that Summit has not already been reporting Plaintiff's account to credit bureaus.

63.     Radius' misrepresentation is material, as it would provoke the consumer into paying on false pretenses – that the payment would prevent the reporting of delinquent information about the Summit Account, when such reporting has already occurred.

64.     Defendant violated 15 U.S.C. §§ 1692e, 1692e(10), 1692f, and 1692g(b).

## COUNT II – FDCPA

65.     Plaintiffs incorporate by reference as if fully set forth herein the allegations contained in the preceding paragraphs of this Complaint.

66.     Count II is brought on behalf of Plaintiff Christnovich.

67.     Exhibit B includes false representations that Defendant cancels the settlement plan upon any late payment by the consumer.

11

68.     Once the consumer enters into the Settlement Offer, Defendant cannot immediately cancel the agreement for a late payment without providing notice of the consumer's right to cure the default.

69.     Defendant violated 15 U.S.C. §§ 1692e, 1692e(5), 1692e(10), and 1692f.

## COUNT III – WCA

70.     Plaintiffs incorporate by reference as if fully set forth herein the allegations contained in the preceding paragraphs of this Complaint.

71.     Count III is brought on behalf of Plaintiff Christnovich.

72.     Exhibit B includes false representations that Defendant cancels the settlement plan upon any late payment by the consumer.

73.     Once the consumer enters into the Settlement Offer, Defendant cannot immediately cancel the agreement for a late payment without providing notice of the consumer's right to cure the default.

74.     Defendant violated Wis. Stat. §§ 427.104(1)(j) and 427.104(1)(L).

## CLASS ALLEGATIONS

75.     Plaintiff brings this action on behalf of two Classes

76.     Class I consists of (a) all natural persons in the State of Wisconsin (b) who were sent a collection letter in the form represented by Exhibit A to the complaint in this action, (c) seeking to collect a debt for personal, family, or household purposes, (d) that was owed to Summit, (e) between October 8, 2019 and December 3, 2020, inclusive, (f) that was not returned by the postal service.

12

77.     Class II consists of (a) all natural persons in the State of Wisconsin (b) who were sent a collection letter in the form represented by <u>Exhibit B</u> to the complaint in this action, (c) seeking to collect a debt for personal, family, or household purposes, (d) between December 3, 2019 and December 3, 2020, inclusive, (e) that was not returned by the postal service.

78.     The Class is so numerous that joinder is impracticable.  Upon information and belief, there are more than 50 members of the Class.

79.     There are questions of law and fact common to the members of the class, which common questions predominate over any questions that affect only individual class members.  The predominant common question is whether the Defendant complied with the FDCPA.

80.     Plaintiffs' claims are typical of the claims of the Class members.  All are based on the same factual and legal theories.

81.     Plaintiffs will fairly and adequately represent the interests of the Class members. Plaintiffs have retained counsel experienced in consumer credit and debt collection abuse cases.

82.     A class action is superior to other alternative methods of adjudicating this dispute. Individual cases are not economically feasible.

## **JURY DEMAND**

83.     Plaintiffs hereby demand a trial by jury.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs request that the Court enter judgment in favor of Plaintiffs and the Class and against Defendant for:

(a)     actual damages;

(b)     statutory damages;

(c)     attorneys' fees, litigation expenses and costs of suit; and

(d)     such other or further relief as the Court deems proper.

Dated:  December 3, 2020

                                   **ADEMI LLP**

                        By:     *Electronically signed by John D. Blythin*
                                John D. Blythin (SBN 1046105)
                                Mark A. Eldridge (SBN 1089944)
                                Jesse Fruchter (SBN 1097673)
                                Ben J. Slatky (SBN 1106892)
                                3620 East Layton Avenue
                                Cudahy, WI 53110
                                (414) 482-8000
                                (414) 482-8001 (fax)
                                jblythin@ademilaw.com
                                meldridge@ademilaw.com
                                jfruchter@ademilaw.com
                                bslatky@ademilaw.com

FILED

12-03-2020

CIRCUIT COURT

DANE COUNTY, WI

2020CV002121

Honorable Frank D.
Remington

Branch 8

# EXHIBIT A

radius Global Solutions LLC

Return Mail Only - Do not send mail to this address

7831 Glenroy Rd., Suite 250-A
Minneapolis, MN 55439
(888) 228-4840
MONDAY-THURSDAY 8AM-9PM, AND FRIDAY 8AM-5PM
SATURDAY 8AM-12PM
CENTRAL TIME

DAVID TODD
3825 MONONA DR APT 6
MONONA WI 53714-2861

November 19, 2019
Radius Global Solutions #: 9481

**Account(s) in our office:**

**Creditor:** Summit Credit Union
**Debt Description:**         **Account #:** 0040         **Balance Due:**
PAST DUE BALANCE                                           $320.02

Your Account(s) has been sent to us for collection. Kindly remit your payment using the coupon below. The preceding information does not affect your rights set forth below:

Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you request this office in writing within 30 days after receiving this notice, this office will provide you with the name and address of the original creditor, if different from the current creditor.

You are hereby notified that following the expiration of the validation period described above, a negative credit report reflecting on your credit record may be submitted to a credit reporting agency if you fail to fulfill the terms of your credit obligations. But we will not submit a negative credit report to a credit reporting agency about this credit obligation until the expiration of the time period described above.

Sincerely,
Radius Global Solutions

Pay Online: www.makethispayment.com using the account information referenced above and pin number

Pay by Phone: (888) 228-4840

Pay by Mail: Send payments to: Radius Global Solutions P.O. Box 390916 Minneapolis, MN 55439-0916

This communication is from a debt collector. This is an attempt to collect a debt and any information obtained shall be used for that purpose. Calls to or from this company may be monitored or recorded.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -
Pay Online: www.makethispayment.com or detach here and return with payment.

126234-IDN00001-535

Date: November 19, 2019
Radius Global Solutions #: 8481
**Balance Due:** $320.02

Radius Global Solutions
7831 Glenroy Rd., Suite 250-A
Minneapolis, MN 55439
(888) 228-4840

Amount Enclosed: $

OFFICE HOURS (CT): MONDAY-THURSDAY 8AM-9PM, FRIDAY 8AM-5PM, AND SATURDAY 8AM-12PM

☐ Check here if your address or phone numbers have changed
Please update changes on reverse side.

Make Payment To:

DAVID TODD
3825 MONONA DR APT 6
MONONA WI 53714-2861

Radius Global Solutions
P.O. Box 390916
Minneapolis, MN 55439-0916

Please update change of address and phone(s) below:

| STREET ADDRESS or PO BOX | | |
|---|---|---|
| CITY | STATE | ZIP CODE |
| TELEPHONE #1 | | |
| TELEPHONE #2 | | |
| TELEPHONE #3 | | |

FILED
12-03-2020
CIRCUIT COURT
DANE COUNTY, WI
2020CV002121
Honorable Frank D.
Remington
Branch 8

# Exhibit B

P.O. Box 390900
Minneapolis, MN 55439
Mail Code USBN

 radius Global Solutions LLC

Radius Reference Number: ███████2952
Balance: $4,258.92

SHARON H CHRISTNOVICH
1204 E OAKWOOD RD
OAK CREEK WI 53154-5831



Radius Global Solutions
P.O. Box 390900
Minneapolis, MN 55439

Customer Service: 866-751-7108 ext 3644

December 04, 2019
Radius Reference Number: ███████2952
Account #: ************1465
Balance: $4,258.92

OFFICE HOURS:  MON - FRI: 8AM - 5PM CENTRAL TIME
Creditor: US BANK NATIONAL ASSOCIATION

Discount and Save: Pay Discounted Amount Over 12 Months

Dear Sharon H Christnovich,

US BANK NATIONAL ASSOCIATION, the creditor of your account, has placed the above referenced account with Radius Global Solutions for collection.  We would like to offer you a resolution on your account for $1,703.58 in eleven payments of $141.96 and one payment of $142.02 starting on 12/25/19. Each payment must be received within 30 days of the previous payment. If you skip or are late on a payment, we reserve the right to cancel the arrangement. If you need additional time to respond to this offer, please contact us. Please note, we are not obligated to renew this offer.  Once all twelve payments have been paid to our office on time, a letter will be sent confirming that the above referenced account has been resolved. Should you fail to complete the arrangement proposed under this option, this offer will be cancelled and any payments made will be applied to the balance shown above.

Should you have any questions regarding this account, please feel free to call us at 866-751-7108 ext 3644. We look forward to hearing from you.

Thank you,

Radius Global Solutions

 **Pay Online:** To view the account balance or set up payments, please visit www.radiuswebpay.com

Pay by Phone:  Please call Radius Global Solutions toll-free at 866-751-7108 ext 3644.
We offer check by phone, Western Union, and Debit card.

 Pay by Mail: Send payments to P.O. Box 390900, Minneapolis, MN 55439.

This is an attempt to collect a debt by a debt collector and any information obtained will be used for that purpose.
This communication is sent to you by Radius Global Solutions LLC, a debt collector.
Calls to or from this company may be monitored or recorded.
Our physical address is: 7831 Glenroy Rd. Suite 250 Minneapolis, MN 55439.